# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **ARTHUR FLEMMING MOLER** | **CASE NO. 2:19-CV-00809** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLARA BATY, ET AL.** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a second Motion to Reconsider [doc. 20] filed by pro se plaintiff Arthur Flemming Moler. Moler complains of this court's dismissal of his civil rights suit under 28 U.S.C. § 1915(e)(2)(B) as frivolous and failing to state a claim on which relief can be granted. In relevant part, the court rejected Moler's retaliation claim relating to prison disciplinary proceedings as not cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] The court provided that relief from a prison disciplinary proceeding resulting in loss of good conduct time could be sought through a petition filed under 28 U.S.C. § 2241, but noted that no loss of good conduct time was alleged for Moler's challenged proceeding.

Moler argues that his "DHO hearing attached to claim clearly shows" a loss of 27 days of good conduct time. Doc. 20, p. 1. None of Moler's documentation reflects such a sanction, though it does show that he has submitted over 100 requests for administrative remedy through the Bureau of Prisons for various issues. *See* doc. 6, att. 2. The court also

---

[1] As Moler notes, the Fifth Circuit has not yet reached a conclusion on this issue. That does not prevent the court from finding, as it and other district courts have done based on *Ziglar v. Abbasi*, __ U.S. ___, 137 S.Ct. 1843 (2017), that the *Bivens* remedy does not extend to First Amendment retaliation claims.

observes that Moler has filed four lawsuits in this district in the last six months. While a loss of good conduct time would show that Moler's claim was cognizable in another form, and thus not subject to a strike under § 1915(e)(2)(B), the court will not reconsider its prior rulings without some evidence in support of Moler's allegation.

Accordingly, Moler is given **30 days** from the date of this order to submit proof that his disciplinary hearing resulted in the alleged lack of good conduct time. If he can make this showing, the court will amend its judgment to dismiss the retaliation claim without prejudice to pursuit of relief under 28 U.S.C. § 2241 and to remove the strike applied. Otherwise, all future filings by Moler in this suit – other than a notice of appeal and requests related to that appeal – will be considered vexatious and grounds for sanctions in this and future actions.

**THUS DONE** in Chambers on this 3rd day of December, 2019.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT COURT**