UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ARTHUR FLEMMING MOLER          :          DOCKET NO. 19-cv-0809
    REG. # 27271-171                              SECTION P

VERSUS                         :          JUDGE JAMES D. CAIN, JR.

CLARA BATY, ET AL.             :          MAGISTRATE JUDGE KAY

<u>REPORT AND RECOMMENDATION</u>

Pursuant to an Order of the United States Court of Appeals for the Fifth Circuit (doc. 35) this matter was remanded to this Court for review of the sole issue of plaintiff's due process claim arising from his disciplinary proceedings.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous.

**I.**
**BACKGROUND**

In his original complaint, filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), Moler claimed that the named defendants violated his due process rights during disciplinary proceedings for a retaliatory disciplinary violation that was reported on July 16, 2018. Doc. 6.  The undersigned recommended that this due process claim be dismissed for failure to state a claim on which relief may be granted and as frivolous because Moler had not alleged that the disciplinary violation resulted in the loss of any protected interests, such as good time credits. However, in his objections to the magistrate judge's report, Moler stated that he had lost 27 days

of good time credit due to the disciplinary violation. Doc. 12. Moler also sought to amend his complaint to include the loss of 27 days of good time credit. Doc. 14. After the undersigned's report and recommendation was adopted, and this matter was dismissed, Moler filed several post-judgment motions referencing his loss of good time credit. The court denied Moler's motion to amend his complaint and his post-judgment motions that were filed before Moler appealed.

The Fifth Circuit considered Moler's appeal, ultimately affirming the Court's judgment as to the following claims: that: (1) his administrative grievances were not handled in a proper manner; (2) he was improperly placed into solitary confinement on various occasions and was improperly given a Management Variable classification; (3) some of the defendants used racially discriminatory language against him; and (4) many of the defendants' actions against him were done in retaliation for the filing of his administrative grievances, and vacating the judgment only as to the due process claim. Doc. 35. The due process claim was remanded to this Court for further consideration. *Id.*

## II.
## LAW AND APPLICATION

In *Bivens*, the United States Supreme Court recognized a cause of action for monetary relief for constitutional violations by federal officials as the counterpart for actions brought against state officials pursuant to §1983. *Bivens*, 91 S.Ct. at 2001. In the decades since however, "the Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1865-69 (2017) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).

Before proceeding, the Fifth Circuit instructs districts courts to first consider whether a *Bivens* claim represents a new context, and if so, whether there are any existing remedial processes for addressing the alleged harm or special factors counseling hesitation. *Rroku v. Cole*, 726 Fed. Appx. 201, 205 (5th Cir. 2018) (citing *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017)). "[I]f

there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Abbasi*, 137 S. Ct. at 1858.

As the record reflects here, Moler has already availed himself of one alternative by seeking relief through 28 U.S.C. §2241, which provides a means for a federal prisoner to challenge disciplinary rulings resulting in the loss of good-time credits.  See *Causey v. Carlton*, No. 3:18CV181 CWR-LRA, 2020 U.S. Dist. LEXIS 57566 (S.D. Miss. Feb. 11, 2020).  Because these administrative and statutory remedies provide alternative methods for judicial relief, the Court should decline to extend a *Bivens* remedy to Moler's due process claims here.

Even if there were no such remedies, Plaintiff's due process claims are barred pursuant to *Heck v. Humphrey*, 114 S.Ct. 2364 (1994) and its progeny. In *Heck*, the Supreme Court ruled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

114 S.Ct. at 2372 (footnote omitted).

Although plaintiff has pursued claims related to his disciplinary hearing, his disciplinary conviction has not been reversed on direct appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. Rather, this Court has considered Moler's prior request for relief under 28 U.S.C. § 2241 and denied same, finding that there was sufficient evidence to sustain his disciplinary conviction. *Moler v. Hendrix,* No. 2:19-cv-1508 (W.D. La. May 28, 2020).  A monetary judgment in favor of Plaintiff would necessarily implicate and call into question the validity of his disciplinary conviction and the sanctions imposed.

Accordingly, his disciplinary hearing claims are barred by *Heck* and should be dismissed for failure to state a claim.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 13th day of March, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE